## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA


MARIE FENTON,                                     CASE NO.:  0:21-cv-60328-XXXX

        Plaintiff,

                                         JURY TRIAL DEMANDED

vs.

CREDENCE RESOURCE MANAGEMENT,
LLC and AT&T CORP.

        Defendant.

_____/

## COMPLAINT

     **COMES NOW**, the Plaintiff, MARIE FENTON ("Plaintiff"), by and through undersigned

counsel, and brings this action against the Defendants, CREDENCE RESOURCE

MANAGEMENT, LLC and AT&T CORP. (collectively "Defendants") and as grounds thereof

alleges as follows:

## INTRODUCTION

    1.     This action is brought by a consumer for Defendant's violations of the Fair Debt

Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection

Practices Action § 559.72, Fla. Stat. ("FCCPA"), and the Telephone Consumer Protection Act, 47

U.S.C § 227, *et seq.* ("TCPA").

    2.     The Fair Debt Collection Practices Act (the "FDCPA") is a series of statues which

prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15

U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt

collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices

by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

3.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

4.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights.  15 U.S.C. §1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, but generally and in a specific list of disapproved practices.

5.      Among other things, section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such deb and if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer.

6.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.  The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban of which includes:

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

> (2) The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> …
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> …
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U. S. C. §1692e.

7.      Section 1692g(a) of the FDCPA requires a debt collector to give certain disclosures to a consumer in their initial communication with them such as:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

8.      Section 1692g(b) of the FDCPA allows a consumer to dispute a debt or any portion thereof within 30 days of a debt collector's initial communication with a consumer.

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector…

15  U.S.C. §1692g(b).

9.      Section 1692h of the FDCPA states, "If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions."

10.     The Plaintiff has retained the undersigned attorneys and are obligated to pay them a reasonable fee for their services.

11.     The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976).  In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and protections and prohibitions of the FDCPA. *See Bianchi v. Migliaccio, LLP*, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA.  Specifically, the

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

12.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit.  Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.27(9).

13.     Furthermore, in collecting consumer debts no person shall

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. §559.27(18).

14.     The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA.  *See In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collection a consumer debt*." (emphasis added)); *See, e.g.*, *Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809,

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

15.     As set forth in more detail below, Defendants violated the aforementioned portions the FDCPA and FCCPA.  Plaintiff now seeks damages and/or injunctive relief for the same.

16.     In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA.  "Both acts generally apply to the same types of conduct, and Florida courts must give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." *Read v. MFP, Inc.*, 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012).  "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3rd Cir. 2006).  Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at 453 (quoting 15 U.S.C. §1692(a)). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." *Id.* The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers. This was considered an "extremely important protection."  S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

17.     Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." *Drossin v. Nat'l Action Fin. Servs.*, 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Id.* at 1316. Similarly, the FCCPA

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

"is to be construed in a manner that is protective of the consumer." *Laughlin v. Household Bank LTD.*, 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected an individual's right of privacy" in addition to the protections of the FDCPA. *Id.* at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of the [FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. §559.522. Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., §559.77(5).

18.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA.  *See Breeders v. Gulf Coast Collection Bureau*, 796 F.Supp.2d 1335, 1338; *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard… to protect consumers against deceptive debt collection practices and to protect collectors from unreasonable constructions of their communications." *Green v. Douglas, Knight & Assocs. (In re Cheaves)*, 439 B.R. 220 (Bankr. M.D. Fla. 2010). Several courts have applied this standard when analyzing certain claims under the FCCPA. *See Palm Coast Recovery Corp. v. McGinness*, Case No. 08-40-CC, 17 Fla. L. Weekly Supp. 286a (Fla. 2nd Cir. Ct. 2009) (wherein the court interpreted the FCCPA in conjunction with case law requiring an objective least sophisticated standard and stated that "it would appear to this court that the intent of the [FCCPA] is to assist an unsophisticated debtor/defendant in any attempt to pay on a consumer debt"); *Green*, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

19.     The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.' *Kinlock v. Wells Fargo Bank, N.A.*, 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

20.     To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Pescatrice v. Orovitz, P.A.*, 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

21.     Unsurprisingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." *Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" *Barcelli v. MFP, Inc.*, 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA.  In addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." *Foxx*, 971 F. Supp. 2d 1106, 1114 (citing *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

22.     The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

23.     Plaintiff alleges that Defendant has unlawfully called her cellular telephone in an attempt to collect an alleged debt in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief, as well as statutory damages, actual damages and costs, in accordance with the aforementioned statutes where applicable.

## **JURISDICTION AND VENUE**

24.     This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

25.     Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

26.     Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's FCCPA claims.

27.     Venue in this District is proper because Plaintiff resides and is domiciled in Broward County, Florida and Defendant does business and places phone calls into this District.

## **PARTIES**

28.     At all times relevant to this Complaint, Defendant CREDENCE RESOURCE

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

MANAGEMENT, LLC ("Credence") was and is a foreign limited liability company, with its principal place of business at 17000 Dallas Parkway, Suite 204 Dallas, TX 75248.

29.      At all times relevant to this Complaint, Credence has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

30.      Credence engages in interstate commerce by regularly using telephone and mail in a business who regularly engages in the collection of debts.

31.      At all times material to the allegations of this Complaint, Credence was acting a debt collector with respect to the collection of Plaintiffs' alleged debt.  *Cf. Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1362 (S.D. Fla. 2009) (refusing to dismiss an FDCPA claim where Plaintiff alleged Defendants "regularly collect or attempt debts for other parties" and "regularly use mail and telephone in a business, the purpose of which is to collect debts" and defendants advertise their debt collection services on their website).

32.      At all times material hereto, Defendant Credence has been a corporation subject to the FCCPA.  *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

33.      At all times relevant to this Complaint, Defendant AT&T CORP. ("AT&T") was and is a foreign profit company, with its principal place of business at One AT&T Way Bedminster, NJ 07921-0752.

34.      At all times material hereto, Defendant AT&T has been a corporation subject to the FCCPA.  *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

35.      At all times relevant to this Complaint, AT&T has used, controlled, and/or operated

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

"automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

36.     At all times relevant to this Complaint, Plaintiff, was and is a natural person, and/or person with standing to bring a claim under the TCPA by virtue of being directly affected by violations of the Act.

## BACKGROUND AND GENERAL ALLEGATIONS

37.     Defendants sought to collect a debt from Plaintiff, arising from an alleged AT&T debt for the purchase of a cellular telephone (the "Debt") incurred by Plaintiff for personal, family, or household purposes.

38.     On or about March 13, 2020 Plaintiff called AT&T to make a payment on her account with AT&T for interne and wireless services AT&T had provided her.

39.     On this telephone call a customer service representative offered a Plaintiff a promotion to purchase an additional cellular phone for $599.99.

40.     Later in the evening a customer service representative from AT&T called Plaintiff to find out if she was interested in the offer.   The AT&T representative advised that if Plaintiff accepted the offer she could cancel within twenty-four hours without any charges.

41.     Under those conditions, Plaintiff accepted the offer to purchase the cellphone and paid $42.00 in estimated sales tax towards the purchase of the phone.

42.     AT&T provided Plaintiff with Order No. 71000005673809877 as a reference for her purchase.

43.     The following day Plaintiff called AT&T to cancel her order, but an AT&T representative informed Plaintiff that they could not cancel her order and she needed to return the cellular phone to the nearest store and/or dealer.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

44.     On or about March 17, 2020 Plaintiff received the cellular phone from AT&T.

45.     On March 18, 2020 Plaintiff returned the unopened cellular phone to her nearest AT&T location, Store No. 0143.

46.     The cellular phone was returned unopened, unused, and in the original packaging as it was went to Plaintiff by AT&T.

47.     While at the store Plaintiff asked a store manager to call AT&T to advise them that the cellular phone had been returned.

48.     The AT&T representative that the store manager called confirmed to Plaintiff that the phone had been returned within the required time frame.

49.     AT&T then provided Plaintiff with a receipt which also refunded the $42.00 in sales tax she had previously paid for the phone.  *See* Exhibit A ("Receipt from AT&T").

50.     In June of 2020 Plaintiff called AT&T to request that her cable and internet services be disconnected as she was relocating to a new address, and one June 13, 2020 the services were disconnected.

51.     Plaintiff returned all AT&T equipment to AT&T as per their instructions, and AT&T advised that it may take some time to receive the final bill.

52.     In either August or September of 2020 Plaintiff called AT&T to try to arrange for payment and an AT&T representative named Josephine ID#JQ083K informed Plaintiff that her outstanding bill was now $1,621.25, which consisted of $525.34 for the cellular phone Plaintiff had previously returned.

53.     On September 15, 2020 Plaintiff again called AT&T and informed them that the phone they were charging her for had been returned, that it had never been used, and that she was disputing the outstanding balance.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

54.     On September 15, 2020 Plaintiff spoke with an AT&T representative named Tracey ID# TH431B who advised Plaintiff her account would be credited for approximately $632.00. Tracey advised Plaintiff to call back in the next few days to obtain the new, corrected balance.

55.     On September 22, 2020 Plaintiff called AT&T and a representative from the collections department named Ivan ID# IR7432 told Plaintiff her balance with AT&T was still being reflected as $1,621.25.  Ivan advised Plaintiff he would call back on September 25, 2020 to let Plaintiff know the balance of the account.  Ivan did not call Plaintiff back.

56.     On October 2, 2020 Plaintiff received a telephone call from Credence wherein they advised Plaintiff they had been assigned the right to collect Plaintiff's AT&T on behalf of AT&T which had a balance in the amount of $1,625.25.

57.     On October 9, 2020 Plaintiff sent Credence a letter disputing the validity of the debt and requesting verification.  *See* Exhibit B ("Debt Verification Letter").

58.     This letter informed Credence that Plaintiff was being represented by the law office of Light & Gonzalez, PLLC. Specifically the letter states in relevant part:

> Further, I am being represented by the law office of Light & Gonzalez, PLLC with regards to this debt so please direct all further communications regarding this debt to their address at 8751 W. Broward Blvd. #209, Plantation, FL 33324

*See* p. 3 Debt Verification Letter.

59.     Credence received the Debt Verification Letter on October 14, 2020.  *See* Exhibit C ("Certified Mail Return Receipt from Debt Verification Letter").

60.     On October 26, 2020 Credence communicated directly with Plaintiff, rather than through her attorneys, to acknowledge receipt of Plaintiff's letter.  *See* Exhibit D ("Dispute Acknowledgement").

61.     On November 2, 2020 Credence communicated directly with Plaintiff, rather than

through her attorneys, to inform her that they had investigated Plaintiff's dispute by contacting AT&T, who informed Credence that the charges on Plaintiff's account were valid.  *See* Exhibit E ("Dispute Investigation Response").

62.     The Dispute Investigation Response did not include any documentation provided to them by AT&T to verify debt or documentation that would otherwise verify the validity of the debt pursuant to the Debt Verification Letter.

63.     After Credence sent its Dispute Investigation Response, despite knowing that Plaintiff was represented by counsel, Credence, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect the Debt from MARIE FENTON by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (954) XXX-2559.  Credence also employed prerecorded or machine-operated voice message in connection with said calls.

64.     Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee.

65.     Plaintiff is the sole owner, possessor, subscriber and user of the cellular telephone that Credence was calling.

66.     Credence's calls originated from various numbers including but not limited to 786-673-8352.

67.     Credence called Plaintiff a multitude of times in a campaign designed to apply maximum psychological stress to Plaintiff with the aim of pressuring Plaintiff into paying the Debt. Credence's calling campaign included calls on back-to-back days.   A sampling of Credence's campaign included, but is not limited to, calls placed on:

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

      a.   December 29, 2020

      b.   December 30, 2020

      c.   January 5, 2021

      d.   January 6, 2021

      e.   January 7, 2021

      f.   January 8, 2021

      g.   January 9, 2021

      h.   January 11, 2021

68.     Credence's placement of telephone calls to Plaintiff's cellular telephone were unsolicited and incessant.

69.     Plaintiff never consented to receive telephone calls to her cellular phone from either of Defendants.

70.     Plaintiff never consented to receive telephone calls to her cellular phone from either of Defendants with respect to charges incurred for the cellular telephone Plaintiff had returned.

71.     Additionally, Plaintiff repeatedly instructed Credence not to call her or to use an automated telephone dialing system or pre-recorded messages to contact her.

72.     Credence ignored and in some instances expressly refused to comply with Plaintiff's repeated demands.

73.     Plaintiff was damaged by these unlawful calls.  Plaintiff's privacy was improperly invaded, her peace was disturbed, she was distracted, her cellular telephone battery and memory was taxed, her cellular telephone were tied-up, and she was forced to spend precious time and mental energy tending to unwanted calls.

74.     None of Credence's telephone calls placed to Plaintiff were for "emergency

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

purposes" as specified in 47 U.S.C. §227(b)(1)(A).

75.     Upon information and belief, Defendant knew that its calling techniques were in violation of the TCPA, yet Defendant still continued to use them in willful or knowing violation of the TCPA.

### COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(1)(A)(iii) AGAINST CREDENCE

76.     Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 75 above.

77.     Credence placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227(b)(1)(A)(iii).

78.     It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone by using an automatic telephone dialing system or prerecorded message without that person's prior express consent.

79.     Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system and/or employed a prerecorded voice message. These calls bore telltale signs of an automation, such as a prerecorded message or a noticeable gap between picking up the call and a human being coming on the line.

80.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

81.     Credence's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer).   See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11–13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

82.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.   *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

83.     Any express consent Plaintiff gave Credence to contact her using and automatic telephone dialing system or a pre-recorded message was not the result of a bargained-for-exchange, and therefore could lawfully be revoked.

84.     On January 5, 2021 Credence called Plaintiff's cellular telephone and Plaintiff told Credence: "Do not call me using an automatic dialer or a prerecorded message anymore."

85.     Despite this demand Credence continued to call Plaintiff using an automatic telephone dialing system which was confirmed to Plaintiff by a Credence representative named Amila Hunt on January 11, 2021.

86.     Credence, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation."   *In re Dynasty Mortg., L.L.C.*, 22

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

87.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10–13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.  *See also Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

88.     In sum, Credence made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

89.     Credence's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

90.     Credence's phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

91.     As a result of Credence's violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

92.     Plaintiff is also entitled to injunctive relief prohibiting Credence from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against CREDENCE RESOURCE MANAGEMENT, LLC for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining CREDENCE RESOURCE MANAGEMENT, LLC from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7) AGAINST CREDENCE AND AT&T

93.     Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 75 above.

94.     Florida Statutes §559.72(7) states:

"In collecting debts, no person shall…

**(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.**

95.     Defendants have on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the Debt.  By virtue of having to handle debt collection calls to Plaintiff's cellular phone multiple times a day, Plaintiff has been harassed and these calls have caused unnecessary strain and burden upon Plaintiff and Plaintiff's family.

96.     Defendants' actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Defendant in order to illicit payment from Plaintiff for the Debt.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

97. Defendants', through its agents, representatives and/or employees acting within the scope of their authority thereby knowingly violated Florida Statutes §559.72(7).

98. As a direct and proximate result of the violation of the FCCPA by Defendants, Plaintiff has been damaged. Defendant's phone calls harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

99. Plaintiff has hired Light & Gonzalez, PLLC, to represent Plaintiff in this action and has agreed to pay reasonable attorneys' fees and costs.

100. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against CREDENCE RESOURCE MANAGEMENT, LLC and AT&T CORP. for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

## COUNT III - VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9) AGAINST CREDENCE

101. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 75 above.

102. Florida Statutes §559.72(9) states:

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

**"In collecting consumer debts, no person shall:**

**(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.**

103.      To state a claim for violation under § 559.72(9) of the FCCPA, it must be alleged that the defendant asserted a legal right that did not exist and that the defendant had actual knowledge that the right did not exist.   *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167 at * 9 (S.D. Fla. Aug. 13, 2009).  An allegation that an attempt to collect a debt in violation of state or federal law is sufficient to state a claim that defendant asserted a legal right that did not exist.  *Brook v. Suncoast Schools, FCU*, 2012 WL 6059199 at * 3 (M.D. Fla. Dec. 6, 2012) (complaint stated a plausible claim for relief where plaintiff alleged that defendant asserted a legal right that did not exist by attempting to collect a debt in violation of the FDUTPA and the TCPA).

104.      As set forth in paragraphs 63 through 75 above, Credence have on a multitude of occasions called Plaintiff's cellular telephone in violation of the TCPA's prohibition on auto-dialing cellphones without prior express consent.

105.      Credence's calling campaign also constitutes a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, which prohibits use of "unfair or deceptive acts or practices in the conduct of any trade or commerce."

106.      By attempting to collect a debt in violation of the TCPA and FDUTPA, Credence, through its agents, representatives and/or employees acting within the scope of their authority, asserted a legal right that did not exist in violation of Florida Statutes §559.72(9)

107.      As a direct and proximate result of the violation of the FCCPA by Credence, Plaintiff has been damaged.  Credence' s phone calls harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone and telephone

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

108.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against CREDENCE RESOURCE MANAGEMENT, LLC, for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

## COUNT IV
## VIOLATION OF FLA. STAT. §559.72(9) AGAINST CREDENCE AND AT&T

109.     Plaintiffs incorporates by reference paragraphs 1–75 of this Complaint as though fully stated herein.

110.     Defendants violated Fla. Stat. §559.72(9) by attempting to collect a debt they knew was not legitimate and/or by asserting a legal right they knew to be illegitimate and/or otherwise unlawful.

111.     Defendants knew Plaintiff did not owe $1,625.25 on her AT&T account because this amount included an illegitimate charge for a cellular telephone Plaintiff had returned.

112.     AT&T knew Plaintiff had returned the cellular telephone she was charged for because Plaintiff returned the phone directly the AT&T and was given a receipt.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

113.    Credence knew Plaintiff had returned the cellular telephone she was charged for because AT&T told Credence, and because Plaintiff informed them of this fact.

114.    Plaintiff did not owe this debt because some or all of the amount they sought to collect, had already been paid or refunded.

115.    As a result of Defendants' foregoing FCCPA violations, Plaintiffs have suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

 WHEREFORE, Plaintiff requests this Court enter a judgment against CREDENCE RESOURCE MANAGEMENT, LLC and AT&T CORP. for $1,000.00 statutory damages per Defendant, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. §1692g(b) OF THE FDCPA AGAINST CREDENCE

116.    Plaintiff incorporates by reference paragraphs 1–75 of this Complaint as though fully stated herein.

117.    Defendant Credence violated the FDCPA by failing to provide verification of the debt to Plaintiff pursuant to §1692g(b) after she had disputed the debt in writing within thirty days of Defendant's initial communication.

118.    On October 2, 2020 Credence contacted Plaintiff for the first time and advised Plaintiff it had been assigned the right to collect Plaintiff's AT&T on behalf of AT&T which had a balance in the amount of $1,625.25.

119.    On October 9, 2020 Plaintiff sent Credence her Debt Verification Letter.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

120.    On or about November 2, 2020 Credence sent Plaintiff its Dispute Investigation Response.

121.    The Dispute Investigation Response did not contain a copy of the verification it had received from AT&T.

122.    The Dispute Investigation Response did not contain an itemization of the charges AT&T claimed Plaintiff owed, other otherwise provide Plaintiff with sufficient information to allow her to dispute the illegitimate charge for the cellular telephone.

123.    Immediately after sending Plaintiff the Dispute Investigation Response, Credence resumed their attempts to collect the debt from Plaintiff.

124.    To date, Credence has not provided proper verification of this debt despite its continued attempts to collect the debt in violation of 15 U.S.C. 1692g(b).

125.    As a result of Credence's foregoing FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant CREDENCE RESOURCE MANAGEMENT, LLC for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. §1692e(2) OF THE FDCPA AGAINST CREDENCE

126.    Plaintiff incorporates by reference paragraphs 1–75 of this Complaint as though fully stated herein.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

127.    Defendant Credence violated the FDCPA by falsely representing the character, amount or legal status of the debt §1692e(2).

128.    In telephone calls Defendant Credence placed to Plaintiff, it falsely represented to Plaintiff that her balance with AT&T was $1,621.25 when in fact her balance with AT&T was lower.

129.    In its written communications to Plaintiff, Credence falsely represented to Plaintiff that her balance with AT&T was $1,621.25 when in fact her balance with AT&T was lower.

130.    As a result of Credence's foregoing FDCPA violations, Plaintiffs have suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant CREDENCE RESOURCE MANAGEMENT, LLC for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper.

## <u>COUNT VII</u>
## <u>VIOLATION OF 15 U.S.C. §1692c OF THE FDCPA AGAINST CREDENCE</u>

131.    Plaintiff incorporates by reference paragraphs 1–75 of this Complaint as though fully stated herein.

132.    Defendant Credence violated the FDCPA by communicating with Plaintiff when it knew Plaintiff was represented by an attorney with respect to the debt and knew or could readily ascertain Plaintiff's attorney's name and address as prohibited by §1692c(a)(2).

133.    On October 9, 2020 Plaintiff sent Credence a letter disputing the validity of the debt and requesting verification.  *See* Exhibit B ("Debt Verification Letter").

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

134.     This letter informed Credence that Plaintiff was being represented by the law office of Light & Gonzalez, PLLC. Specifically the letter states in relevant part:

> Further, I am being represented by the law office of Light & Gonzalez, PLLC with regards to this debt so please direct all further communications regarding this debt to their address at 8751 W. Broward Blvd. #209, Plantation, FL 33324

*See* Exhibit B ("Debt Verification Letter").

135.     Credence received the Debt Verification Letter on October 14, 2020.  *See* Exhibit C ("Certified Mail Return Receipt from Debt Verification Letter").

136.     On October 26, 2020 Credence communicated directly with Plaintiff, rather than through her attorneys, to acknowledge receipt of Plaintiff's letter.  *See* Exhibit D ("Dispute Acknowledgement").

137.     On November 2, 2020 Credence communicated directly with Plaintiff, rather than through her attorneys, to inform her that they had investigated Plaintiff's dispute by contacting AT&T, who informed Credence that the charges on Plaintiff's account were valid.  *See* Exhibit E ("Dispute Investigation Response").

138.     From October 14, 2020 through at least January 11, 2021 Credence placed telephone calls and otherwise communicated with Plaintiff despite knowing Plaintiff was represented by an attorney.

139.     Credence knew Plaintiff was being represented by counsel by virtue of her October 9, 2020 Debt Verification Letter which they received on October 14, 2020.

140.     Credence knew or could readily ascertain Plaintiff's attorney's contact information by virtue of her October 9, 2020 Debt Verification Letter which included this information.

141.     Neither Plaintiff nor Plaintiff's attorney ever consented to Credence directly communicating with Plaintiff.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

142.   Credence never communicated or attempted to communicate with Plaintiff's attorney with regard to Plaintiff's account.

143.   As a result of Credence's foregoing FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiffs are entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant CREDENCE RESOURCE MANAGEMENT, LLC for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MARIE FENTON, hereby demands a trial by jury of all issues so triable.

DATED: February 10, 2021

*/s/ Gregory Light*
Gregory Light, Esq.
Florida Bar Number: 120907
E-mail: greg@lightgonzalezlaw.com
Secondary E-mail: service@lightgonzalezlaw.com
LIGHT & GONZALEZ, PLLC
*Attorneys for Plaintiff*
8751 W. Broward Blvd. #209
Plantation, FL 33324
Telephone: (754) 900-6545

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com