UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARIE FENTON,

    Plaintiff,                                            Case No.: 0:21-cv-60328-RAR

v.

CREDENCE RESOURCE MANAGEMENT, LLC
and AT&T CORP.

    Defendants.
_____/

### DEFENDANT, CREDENCE RESOURCES MANAGEMENT, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, Credence Resource Management, LLC (Credence), through counsel and under the Florida Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Marie Fenton (Plaintiff), and states:

### INTRODUCTION

1.     Credence admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Protection Act (FDCPA), 15 U.S.C. § 1692, et seq., the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, et seq. and the Florida Consumer Collection Practices Act (FCCPA), § 559.72 et seq., but denies any violations, liability, and wrongdoing under the law. Except as specifically admitted, Credence denies the allegations in ¶ 1.

2.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 2 state otherwise, denied.

3.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 3 state otherwise, denied.

4.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 4 state otherwise, denied.

5.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 5 state otherwise, denied.

6.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 6 state otherwise, denied.

7.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 7 state otherwise, denied.

8.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 8 state otherwise, denied.

9.	The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 9 state otherwise, denied.

10.	Credence denies the allegations in ¶ 10.

11.	The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 11 state otherwise, denied.

12.	The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 12 state otherwise, denied.

13. The FCCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 13 state otherwise, denied.

14. The FCCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, denied.

15. Credence denies the allegations in ¶ 15.

16. Credence denies the allegations in ¶ 16.

17. Credence denies the allegations in ¶ 17.

18. Credence denies the allegations in ¶ 18 as calling for a legal conclusion.

19. Credence denies the allegations in ¶ 19.

20. Credence denies the allegations in ¶ 20 as calling for a legal conclusion.

21. Credence denies the allegations in ¶ 21 as calling for a legal conclusion.

22. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 22 state otherwise, denied.

23. Credence denies the allegations in ¶ 23.

## JURISDICTION AND VENUE

24. Credence denies the allegations in ¶ 24.

25. Credence denies the allegations in ¶ 25.

26. Credence denies the allegations in ¶ 26.

27. Credence denies the allegations in ¶ 27.

## PARTIES

28. Credence admits it has an office located at 17000 Dallas Parkway, Suite 204, Dallas, TX 75248.  Except as specifically admitted, Credence denies the allegations in ¶ 28.

29. Credence denies the allegations in ¶ 29.

30. Credence admits part of its business is in the collection of debts and it sometimes uses the telephone and mail to do so. Except as specifically admitted, Credence denies the allegations in ¶ 30.

31. Credence denies the allegations in ¶ 31 as calling for legal conclusion.

32. Credence denies the allegations in ¶ 32.

33. The allegations in ¶ 33 are not directed toward Credence.  To the extent a response is necessary, the allegations are denied.

34. The allegations in ¶ 34 are not directed toward Credence.  To the extent a response is necessary, the allegations are denied.

35. The allegations in ¶ 35 are not directed toward Credence.  To the extent a response is necessary, the allegations are denied.

36. Credence denies the allegations in ¶ 36 as calling for a legal conclusion.

## BACKGROUND AND GENERAL ALLEGATIONS

37. Credence admits an account in plaintiff's name was placed with it for collection.  Except as specifically admitted, Credence denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. Credence denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. Credence denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. Credence denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. Credence denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. Credence denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43. Credence denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

44. Credence denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. Credence denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. Credence denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47. Credence denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

48. Credence denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49. Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 49 state otherwise, denied.

50. Credence denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.

51. Credence denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief therein.

52. Credence denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein.

53. Credence denies the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief therein.

54. Credence denies the allegations in ¶ 54 for lack of knowledge or information sufficient to form a belief therein.

55. Credence denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.

56. Credence denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

57. Exhibit "B" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 57 state otherwise, denied.

58. Exhibit "B" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 58 state otherwise, denied.

59. Credence denies the allegations in ¶ 59.

60. Exhibit "D" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 60 state otherwise, denied.

61. Exhibit "E" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 61 state otherwise, denied.

62. Credence denies the allegations in ¶ 62.

63. Credence denies the allegations in ¶ 63.

64. Credence denies the allegations in ¶ 64.

65. Credence denies the allegations in ¶ 65.

66. Credence denies the allegations in ¶ 66.

67. Credence denies the allegations in ¶ 67, including subparts (a)–(h).

68. Credence denies the allegations in ¶ 68.

69. Credence denies the allegations in ¶ 69.

70. Credence denies the allegations in ¶ 70.

71. Credence denies the allegations in ¶ 71.

72. Credence denies the allegations in ¶ 72.

73. Credence denies the allegations in ¶ 73.

74. Credence admits the allegations in ¶ 74.

75. Credence denies the allegations in ¶ 75.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) against Credence

76. Credence reasserts the foregoing as if fully stated herein.

77. Credence denies the allegations in ¶ 77.

78. Credence denies the allegations in ¶ 78 as calling for a legal conclusion.

79. Credence denies the allegations in ¶ 79.

80. Credence denies the allegations in ¶ 80.

81. Credence denies the allegations in ¶ 81.

82. Credence denies the allegations in ¶ 82.

83. Credence denies the allegations in ¶ 83.

84. Credence denies the allegations in ¶ 84.

85. Credence denies the allegations in ¶ 85.

86. Credence denies the allegations in ¶ 86.

87. Credence denies the allegations in ¶ 87.

88. Credence denies the allegations in ¶ 88.

89. Credence denies the allegations in ¶ 89.

90. Credence denies the allegations in ¶ 90.

91. Credence denies the allegations in ¶ 91.

92. Credence denies the allegations in ¶ 92.

## COUNT II
### Violations of the FCCPA, Fla. Stat. § 559.72(7) Against Credence and AT&T

93. Credence reasserts the foregoing as if fully stated herein.

94. The FCCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 94 state otherwise, denied.

95. Credence denies the allegations in ¶ 95.

96. Credence denies the allegations in ¶ 96.

97. Credence denies the allegations in ¶ 97.

98. Credence denies the allegations in ¶ 98.

99. Credence denies the allegations in ¶ 99.

100. Credence denies the allegations in ¶ 100.

## COUNT III
## Violations of the FCCPA, Fla. Stat. § 559.72(9) Against Credence

101. Credence reasserts the foregoing as if fully stated herein.

102. The FCCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 102 state otherwise, denied.

103. Credence denies the allegations in ¶ 103.

104. Credence denies the allegations in ¶ 104.

105. Credence denies the allegations in ¶ 105.

106. Credence denies the allegations in ¶ 106.

107. Credence denies the allegations in ¶ 107.

108. Credence denies the allegations in ¶ 108.

## COUNT IV
## Violations of the FCCPA, Fla. Stat. § 559.72(9) Against Credence and AT&T

109. Credence reasserts the foregoing as if fully stated herein.

110. Credence denies the allegations in ¶ 110.

111. Credence denies the allegations in ¶ 111.

112. Credence denies the allegations in ¶ 112.

113. Credence denies the allegations in ¶ 113.

114. Credence denies the allegations in ¶ 114.

115. Credence denies the allegations in ¶ 115.

## COUNT V
### Violations of 15 U.S.C. § 1692g(b) of the FDCPA Against Credence

116. Credence reasserts the foregoing as if fully stated herein.

117. Credence denies the allegations in ¶ 117.

118. Credence denies the allegations in ¶ 118.

119. Credence denies the allegations in ¶ 119.

120. Credence denies the allegations in ¶ 120.

121. Credence denies the allegations in ¶ 121.

122. Credence denies the allegations in ¶ 122.

123. Credence denies the allegations in ¶ 123.

124. Credence denies the allegations in ¶ 124.

125. Credence denies the allegations in ¶ 125.

## COUNT VI
### Violations of 15 U.S.C § 1692e(2) of the FDCPA Against Credence

126. Credence reasserts the foregoing as if fully stated herein.

127. Credence denies the allegations in ¶ 127.

128. Credence denies the allegations in ¶ 128.

129. Credence denies the allegations in ¶ 129.

130. Credence denies the allegations in ¶ 130.

## COUNT VII
## Violations of 15 U.S.C § 1692c of the FDCPA Against Credence

131. Credence reasserts the foregoing as if fully stated herein.

132. Credence denies the allegations in ¶ 132.

133. Credence denies the allegations in ¶ 133.

134. Credence denies the allegations in ¶ 134.

135. Credence denies the allegations in ¶ 135.

136. Credence denies the allegations in ¶ 136

137. Credence denies the allegations in ¶ 137.

138. Credence denies the allegations in ¶ 138.

139. Credence denies the allegations in ¶ 139.

140. Credence denies the allegations in ¶ 140.

141. Credence denies the allegations in ¶ 141.

142. Credence denies the allegations in ¶ 142.

143. Credence denies the allegations in ¶ 143.

## CREDENCE'S AFFIRMATIVE DEFENSES

1. Upon information and belief, this Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the underlying agreement.

Therefore, the complaint should be dismissed, and plaintiff should be compelled to arbitrate this matter.

2.	To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3.	Credence denies any liability; however, regardless of liability, plaintiff and/or debtors has/have suffered no actual damages as a result of Credence's purported violations.

4.	One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

5.	Assuming that plaintiff suffered any damages, they have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

6.	Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Credence and were beyond the control or supervision of Credence or for whom Credence as and is not responsible or liable.

7.	Plaintiff has failed to state a claim against Credence upon which relief may be granted.

8.	One or more of the telephone calls made to plaintiff was not made to a wireless, i.e., cellular telephone.

9.	Plaintiff consented and authorized calls to the phone number in question.

10. The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

11. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

12. To the extent the calls at issue were to plaintiff's cellular telephone(s), as alleged, plaintiff provided consent to receive those calls.

13. To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

14. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Credence Resources Management, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Date: March 4, 2021                                              Respectfully Submitted,

*/s/ Ashley Wydro*
Ashley Wydro, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-2460
Facsimile: (877) 334-0661
awydro@sessions.legal
dvanhoose@sessions.legal
*Counsel for Defendant, Credence Resource Management, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of March 2021, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below:

Gregory Light, Esq.
Light & Gonzalez, PLLC
8751 W. Broward Blvd., Suite 209
Plantation, FL 33324
greg@lightgonzalezlaw.com
service@lightgonzalezlaw.com

*/s/ Ashley Wydro*
Attorney