## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

MARIE FENTON,

      Plaintiff,                        Case No.: 0:21-cv-60328-RAR

v.

CREDENCE RESOURCE MANAGEMENT, LLC
and AT&T CORP.

      Defendants.

_____/

## DEFENDANT, AT&T CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, AT&T Corp. (AT&T), through counsel and under the Florida Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Marie Fenton (Plaintiff), and states:

### INTRODUCTION

1.      AT&T admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Protection Act (FDCPA), 15 U.S.C. § 1692, et seq., the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, et seq. and the Florida Consumer Collection Practices Act (FCCPA), § 559.72 et seq., but denies any violations, liability, and wrongdoing under the law.  Except as specifically admitted, AT&T denies the allegations in ¶ 1.

2.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 2 state otherwise, denied.

3.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 3 state otherwise, denied.

4.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 4 state otherwise, denied.

5.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 5 state otherwise, denied.

6.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 6 state otherwise, denied.

7.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 7 state otherwise, denied.

8.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 8 state otherwise, denied.

9.      The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 9 state otherwise, denied.

10.     AT&T denies the allegations in ¶ 10.

11.     The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 11 state otherwise, denied.

12.     The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 12 state otherwise, denied.

13.     The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 13 state otherwise, denied.

14.     The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 14 state otherwise, denied.

15.     AT&T denies the allegations in ¶ 15.

16.     AT&T denies the allegations in ¶ 16.

17.     AT&T denies the allegations in ¶ 17.

18.     AT&T denies the allegations in ¶ 18 as calling for a legal conclusion.

19.     AT&T denies the allegations in ¶ 19.

20.     AT&T denies the allegations in ¶ 20 as calling for a legal conclusion.

21.     AT&T denies the allegations in ¶ 21 as calling for a legal conclusion.

22.     The TCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 22 state otherwise, denied.

23.     Credence denies the allegations in ¶ 23.

## JURISDICTION AND VENUE

24.     AT&T denies the allegations in ¶ 24.

25.     AT&T denies the allegations in ¶ 25.

26.     AT&T denies the allegations in ¶ 26.

27.     AT&T denies the allegations in ¶ 27.

## **PARTIES**

28.     The allegations in ¶ 28 are not directed toward AT&T.  To the extent a response is necessary, the allegations are denied.

29.     The allegations in ¶ 29 are not directed toward AT&T.  To the extent a response is necessary, the allegations are denied.

30.     The allegations in ¶ 30 are not directed toward AT&T.  To the extent a response is necessary, the allegations are denied.

31.     The allegations in ¶ 31 are not directed toward AT&T.  To the extent a response is necessary, the allegations are denied.

32.     The allegations in ¶ 32 are not directed toward AT&T.  To the extent a response is necessary, the allegations are denied.

33.     AT&T admits it has an office located at One AT&T Way, Bedminster, NJ 07921-0752.  Except as specifically admitted, AT&T denies the allegations in ¶ 33.

34.     AT&T denies the allegations in ¶ 34.

35.     AT&T denies the allegations in ¶ 35.

36.     AT&T denied the allegations in ¶ 36 as calling for a legal conclusion.

## **BACKGROUND AND GENERAL ALLEGATIONS**

37.     AT&T admits it placed an account in plaintiff's name with Credence for collection.  Except as specifically admitted, AT&T denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38.     AT&T denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39.     AT&T denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40.     AT&T denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41.     AT&T denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42.     AT&T denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43.     AT&T denies the allegations in ¶ 43.

44.     AT&T denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45.     AT&T denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46.     AT&T denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47.    AT&T denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

48.    AT&T denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49.    Exhibit "A" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 49 state otherwise, denied.

50.    AT&T denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.

51.    AT&T denies the allegations in ¶ 51.

52.    AT&T denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein.

53.    AT&T denies the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief therein.

54.    AT&T denies the allegations in ¶ 54 for lack of knowledge or information sufficient to form a belief therein.

55.    AT&T denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.

56.    AT&T denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

57.     AT&T denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58.     Exhibit "B" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 58 state otherwise, denied.

59.     Exhibit "C" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 59 state otherwise, denied.

60.     Exhibit "D" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 60 state otherwise, denied.

61.     Exhibit "E" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 61 state otherwise, denied.

62.     Exhibit "E" speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 62 state otherwise, denied.

63.     AT&T denies the allegations in ¶ 63.

64.     AT&T denies the allegations in ¶ 64.

65.     AT&T denies the allegations in ¶ 65 for lack of knowledge or information sufficient to form a belief therein.

66.     AT&T denies the allegations in ¶ 66 for lack of knowledge or information sufficient to form a belief therein.

67.     AT&T denies the allegations in ¶ 67, including subparts (a)–(h).

68.     AT&T denies the allegations in ¶ 68.

69.     AT&T denies the allegations in ¶ 69.

70.     AT&T denies the allegations in ¶ 70.

71.     AT&T denies the allegations in ¶ 71.

72.     AT&T denies the allegations in ¶ 72.

73.     AT&T denies the allegations in ¶ 73.

74.     Upon information and belief, AT&T admits the allegations in ¶ 74.

75.     AT&T denies the allegations in ¶ 75.

<u>**COUNT I**</u>
**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) against Credence**

76.     AT&T reasserts the foregoing as if fully stated herein.

77.      The allegations in ¶ 77 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

78.      The allegations in ¶ 78 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

79.     The allegations in ¶ 79 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

80.     The allegations in ¶ 80 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

81.     The allegations in ¶ 81 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

82.     The allegations in ¶ 82 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

83.     The allegations in ¶ 83 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

84.     The allegations in ¶ 84 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

85.     The allegations in ¶ 85 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

86.     The allegations in ¶ 86 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

87.     The allegations in ¶ 87 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

88.     The allegations in ¶ 88 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

89.     The allegations in ¶ 89 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

90.     The allegations in ¶ 90 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

91.     The allegations in ¶ 91 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

92.     The allegations in ¶ 92 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

## COUNT II
### Violations of the FCCPA, Fla. Stat. § 559.72(7) Against Credence and AT&T

93.     AT&T reasserts the foregoing as if fully stated herein.

94.     The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 94 state otherwise, denied.

95.     AT&T denies the allegations in ¶ 95.

96.     AT&T denies the allegations in ¶ 96.

97.     AT&T denies the allegations in ¶ 97.

98.     AT&T denies the allegations in ¶ 98.

99.     AT&T denies the allegations in ¶ 99.

100.    AT&T denies the allegations in ¶ 100.

## COUNT III
### Violations of the FCCPA, Fla. Stat. § 559.72(9) Against Credence

101.    AT&T reasserts the foregoing as if fully stated herein.

102.    The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 102 state otherwise, denied.

103.    AT&T denies the allegations in ¶ 103 as calling for a legal conclusion.

104.    The allegations in ¶ 104 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

105.    The allegations in ¶ 105 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

106.    The allegations in ¶ 106 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

107.    The allegations in ¶ 107 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

108.    AT&T denies the allegations in ¶ 108.

## COUNT IV
### Violations of the FCCPA, Fla. Stat. § 559.72(9) Against Credence and AT&T

109.    AT&T reasserts the foregoing as if fully stated herein.

110.    AT&T denies the allegations in ¶ 110.

111.    AT&T denies the allegations in ¶ 111.

112.    AT&T denies the allegations in ¶ 112.

113.    AT&T denies the allegations in ¶ 113.

114.    AT&T denies the allegations in ¶ 114.

115.    AT&T denies the allegations in ¶ 115.

## COUNT V
### Violations of 15 U.S.C. § 1692g(b) of the FDCPA Against Credence

116.    AT&T reasserts the foregoing as if fully stated herein.

117.    The allegations in ¶ 117 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

118.    The allegations in ¶ 118 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

119.    The allegations in ¶ 119 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

120.    The allegations in ¶ 120 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

121.    The allegations in ¶ 121 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

122.    The allegations in ¶ 122 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

123.    The allegations in ¶ 123 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

124.    The allegations in ¶ 124 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

125.    The allegations in ¶ 125 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

## <u>COUNT VI</u>
### Violations of 15 U.S.C § 1692e(2) of the FDCPA Against Credence

126.    AT&T reasserts the foregoing as if fully stated herein.

127.    The allegations in ¶ 127 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

128.    The allegations in ¶ 128 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

129.    The allegations in ¶ 129 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

130.    The allegations in ¶ 130 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

**<u>COUNT VII</u>**
**Violations of 15 U.S.C § 1692c of the FDCPA Against Credence**

131.    AT&T reasserts the foregoing as if fully stated herein.

132.    The allegations in ¶ 132 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

133.    The allegations in ¶ 133 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

134.    The allegations in ¶ 134 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

135.    The allegations in ¶ 135 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

136.    The allegations in ¶ 136 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

137.    The allegations in ¶ 137 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

138.    The allegations in ¶ 138 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

139.    The allegations in ¶ 139 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

140.    The allegations in ¶ 140 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

141.    The allegations in ¶ 141 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

142.    The allegations in ¶ 142 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

143.    The allegations in ¶ 143 are not directed toward AT&T.  To the extent a response is required, the allegations are denied.

## AT&T'S AFFIRMATIVE DEFENSES

1.    Upon information and belief, this Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the underlying agreement. Therefore, the complaint should be dismissed, and plaintiff should be compelled to arbitrate this matter.

2.    To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the

maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3.      AT&T denies any liability; however, regardless of liability, plaintiff and/or debtors has/have suffered no actual damages as a result of AT&T's purported violations.

4.      One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

5.      Assuming that plaintiff suffered any damages, they have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

6.      Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than AT&T and were beyond the control or supervision of AT&T or for whom AT&T as and is not responsible or liable.

7.      Plaintiff has failed to state a claim against AT&T upon which relief may be granted.

8.      One or more of the telephone calls made to plaintiff was not made to a wireless, i.e., cellular telephone.

9.      Plaintiff consented and authorized calls to the phone number in question.

10.     The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

11.     The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

12.     To the extent the calls at issue were to plaintiff's cellular telephone(s), as alleged, plaintiff provided consent to receive those calls.

13.     To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

14.     Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, AT&T Corp., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Date: March 4, 2021                              Respectfully Submitted,

                                                 */s/ Ashley Wydro*
                                                 Ashley Wydro, Esq.
                                                 Florida Bar No. 0106605
                                                 Dayle M. Van Hoose, Esq.
                                                 Florida Bar No. 0016277
                                                 SESSIONS, ISRAEL & SHARTLE, L.L.C.
                                                 3350 Buschwood Park Drive, Suite 195
                                                 Tampa, Florida 33618
                                                 Telephone: (813) 440-2460
                                                 Facsimile: (877) 334-0661
                                                 awydro@sessions.legal
                                                 dvanhoose@sessions.legal

                                                 *Counsel for Defendant, AT&T Corp.*

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 4th day of March 2021, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below:

Gregory Light, Esq.
Light & Gonzalez, PLLC
8751 W. Broward Blvd., Suite 209
Plantation, FL 33324
greg@lightgonzalezlaw.com
service@lightgonzalezlaw.com


*/s/ Ashley Wydro*
Attorney